Chen v. Holder

BIA
A098 220 237

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of April, two thousand twelve.

PRESENT:

> RALPH K. WINTER,
> REENA RAGGI,
> SUSAN L. CARNEY,
> *Circuit Judges.*

_____

ZU FA CHEN

> *Petitioner,*

> v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL

> *Respondent.*

10-5119-ag
NAC

_____

FOR PETITIONER: Zu Fa Chen, *pro se*, New York, New York.

FOR RESPONDENT: Tony West, Assistant Attorney General; Jennifer Paisner Williams, Senior Litigation Counsel; Tiffany L. Walters, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Zu Fa Chen, a native and citizen of China, seeks review of a November 18, 2010, order of the BIA denying his motion to reopen. *In re Zu Fa Chen*, No. A098 220 237 (B.I.A. Nov. 18, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). When the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

Here, because Chen filed his motion to reopen more than 90 days after the BIA issued a final order of removal in his case, he was required to show changed circumstances in China to excuse the untimely filing. *See* 8 U.S.C. § 1229a(c)(7)(C)(i), (ii). Chen contends that the BIA

abused its discretion by discounting his evidence that his wife was beaten by the police who threatened to punish Chen if he returned to China because of his criticism of the family planning policy.  This argument is unavailing.

The BIA reasonably declined to credit the medical records, documenting Chen's wife's alleged injuries, as they were unauthenticated and Chen was previously found not credible.  *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 148-149 (2d Cir. 2007) (holding that the BIA did not abuse its discretion in declining to credit documents, including a purported government document which had not been authenticated, where the alien had been found not credible by the IJ).  And the BIA was not required to credit Chen's wife's affidavit in light of the IJ's adverse credibility determination.  *See id*. at 148.  Thus, the BIA did not abuse its discretion in declining to credit Chen's evidence from his wife absent further authentication and corroboration. *See id*. at 148-49.

Additionally, the newspaper articles Chen submitted with his motion to reopen, discussing China's treatment of some dissidents and their families, did not establish a material *change* in China as they demonstrated only China's

3

continuing persecution of dissidents.  Accordingly, substantial evidence supports the agency's finding that Chen did not establish changed country conditions and the BIA did not abuse its discretion in denying his motion to reopen as untimely.  *See* 8 U.S.C. § 1229a(c)(7)(C)(i),(ii).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4